**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AFFILIATED FM INSURANCE COMPANY, a Rhode Island corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> LTK CONSULTING SERVICES, INC., a Pennsylvania corporation, <br><br> Defendant - Appellee. | No. 12-35497 <br><br> D.C. No. 2:06-cv-01750-JLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 7, 2013
Seattle, Washington

Before: THOMAS and NGUYEN, Circuit Judges, and DEARIE, Senior District Judge.[**]

Affiliated FM Insurance Company appeals from the district court's order

granting summary judgment to LTK Consulting Services, Inc. We reverse and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

remand for further proceedings. Because the parties are familiar with the history of this case, we need not recount it here.

Genuine issues of material fact preclude summary judgment on the question of whether the statute of limitations bars Plaintiff's claims. Under Washington's discovery rule, the statute of limitations starts to run on a negligence claim when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the salient facts underlying the elements of the cause of action. *Green v. A.P.C. (Am. Pharm. Co.)*, 960 P.2d 912, 915 (Wash. 1998) (en banc). The elements of a negligence claim are duty, breach, causation, and injury. *Id.* With respect to the last element, injury, a "plaintiff must suffer actual and appreciable harm, as distinguished from nominal damages, before the statute of limitation commences." *Steele v. Organon, Inc.*, 716 P.2d 920, 922 (Wash. Ct. App. 1986).

Under Washington law, even a "'slight'" injury starts the running of the limitations period. *Lindquist v. Mullen*, 277 P.2d 724, 725 (Wash. 1954) (en banc) (quoting 34 Am. Jur. 126 § 160), *overruled on other grounds by Ruth v. Dight*, 453 P.2d 631 (Wash. 1969) (en banc). A federal court sitting in diversity may decide that a discovery-based statute of limitations bars a suit as a matter of law "only when uncontroverted evidence irrefutably demonstrates" that the plaintiff discovered or should have discovered the injury outside the limitations period.

2

*Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992) (quoting

*Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir. 1984));

*accord Goodman v. Goodman*, 907 P.2d 290, 294 (Wash. 1995) (en banc).

To the extent Plaintiff claims that the fire was caused by LTK's alleged negligence in changing from a floating to a bonded grounding system in 1998, the district court correctly concluded that Plaintiff's claim is time-barred. But Plaintiff's theory, at least in part, is that the negligence occurred in the design and installation of the terminal board in 2001 and 2002, and that the redesigned terminal board was the proximate cause of the fire that is the subject of the suit. Therefore, Plaintiff argues the statute of limitations did not commence until the fire occurred in 2004. Because the suit was filed in 2006, Plaintiff contends that the suit was timely filed.

Defendant argues that the design issues predated the installation of the terminal board and that a series of electrical incidents, including at least one that post-dated the terminal board installation, were sufficient actual injury to trigger the running of the limitations period.

There are genuine issues of material fact as to whether the monorail sustained "actual and appreciable" harm after the terminal board was installed. *See Steele*, 716 P.2d at 922 (plaintiff must suffer "actual and appreciable harm" before

3

the statute of limitation commences).  The record is unclear about the extent, significance, and cause of the alleged post-installation incidents and, indeed, whether they actually occurred post-installation.  Conflicting inferences may be drawn from the monorail manager's correspondence and testimony about the events.

Under our familiar summary judgment standard, all reasonable factual inferences must be drawn in the non-moving party's favor.  *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).  Given the disputed facts, and drawing the inferences in favor of the plaintiff, we conclude that genuine issues of material fact exist precluding summary judgment.

We need not, and do not, reach any other issue urged by the parties on appeal.

**REVERSED AND REMANDED.**